IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   11-cv-00014-WYD-MEH

DEUTSCHE BANK,

    Plaintiff,

v.

MARK S. MILLER and
JAMILEH MILLER,

    Defendants.

## ORDER OF REMAND

THIS MATTER is before the Court on a review of the Notice of Removal, filed January 4, 2011.  Defendants have removed a proceeding brought against them by Plaintiff Deutsche Bank in Colorado state court pursuant to Colo. R. Civ. P. 120 and C.R.S. § 38-38-105, which provide that a party seeking to foreclose and sell a property must seek a court order to do so.  Pursuant to the procedures provided for by Rule 120, on March 22, 2010, Plaintiff filed in Arapahoe County District Court a Rule 120 Motion for Order Authorizing Sale.  Following a hearing on April 19, 2010, the state district court entered an Order Authorizing Sale.  Defendants then filed at least one motion for a hearing on jurisdiction, which the state district court denied on or about June 13, 2010.

The court in *Beeler Properties, LLC v. Lowe Enterprises Residential Investors, LLC*, 2007 WL 1346591 at * 2 (D.Colo. May 7, 2007), set forth the following summary of

the Colorado real estate foreclosure process:

> In Colorado, consensual liens against real property are created by recordation of a deed of trust granted by the lender to the public trustee of the count where the property is situate. Foreclosure of such liens is a hybrid process governed by statute. The process involves issuance of orders by the state district court authorizing and confirming the [foreclosure] sale. C.R.C.P. 120; C.R.S. § 38-38-105. However, the process of conducting the sale and parties' rights in such process are largely administrative.
>
> Upon default, if the deed of trust so authorizes, the lender or holder of the note may direct the public trustee to sell the property at a foreclosure sale. C.R.S. § 38-38-101(1). The lender must also seek an order from the state district court authorizing the sale under Rule 120. Once a sale is authorized, the public trustee advertises and conducts the sale. C.R.S. § 38-38-101(4). The property is sold to the highest bidder who receives a Certificate of Purchase. Often, the purchaser is the holder of the deed of trust who bids all or part of the debt owed by the borrower.
>
> Prior to sale, the borrower may cure the default. After sale, the borrower and any junior lienholders may redeem the title to the property by paying, to the holder of the Certificate of Purchase, the sum for which the property was sold with interest from the date of sale, together with any taxes paid or other proper charges. *See* C.R.S. § 38-38-101 to § 38-38-103. Redemption thus annuls the sale. If the redemption period passes, the holder of the Certificate of Purchase may seek an order confirming the sale and obtain a Trustee's Deed.

Neither the Notice of Removal or the pleadings filed by Defendants in connection with the Notice indicate the current status of the foreclosure proceedings. However, by filing their Notice of Removal, Defendants have attempted to remove the Rule 120 proceeding to this Court.

In the Notice of Removal, Defendants state that Plaintiff's claim against them is

"founded in federal law and arises under the laws of the United States within the meaning of 28 U.S.C. § 1331." Defendants also contend that this Court has original jurisdiction based on Defendants' counter-claims, which are based on federal law. Defendants further state that the amount in controversy exceeds $75,000.

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." In addition, pursuant to 28 U.S.C. § 1441(b), "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to such citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

First, I note that removal is limited to "those cases 'that originally could have been filed in federal court.'" *Hunt v. Lamb*, 427 F.3d 725, 726 (10th Cir. 2005). "'This jurisdiction prerequisite to removal is an absolute, non-waivable requirement.'" *Id.* (quoting *Brown v. Francis*, 75 F.3d 860, 864 (3d Cir. 1996). Here, the underlying state court action is a Rule 120 proceeding involving the largely administrative process of authorizing and confirming a foreclosure sale. Plaintiff could not have initiated this action in federal court and, consequently, Defendants cannot remove it to federal court.

In addition, there is nothing in the Notice of Removal indicating that any party in

this case is asserting a claim or right "arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b).  Based on the Notice of Removal, and the documents filed in connection therewith, it appears that the only rights being asserted in this case are those arising under the Colorado Rules of Civil Procedures, specifically Rule 120.  To the extent Defendants seek to have this Court upset the order authorizing sale in the context of this now-removed Rule 120 proceeding, Rule 120 does not provide a mechanism to do so.  *See* Colo. R. Civ. P. 120(d).  Instead of challenging the order authorizing sale through the removed Rule 120 proceeding, the Plaintiffs are authorized to raise arguments concerning the validity of the foreclosure in a separate action.  Rule 120 expressly provides that the court's order approving the sale is "without prejudice to the right of any person aggrieved to seek injunctive or other relief in any court of competent jurisdiction."  *Id.*; *United Guar. Residential Ins. Co. v. Vanderlann*, 819 P.2d 1103, 1105 (Colo. App. 1991).

To the extent Defendants are attempting to remove the Rule 120 proceeding to this Court based on diversity of citizenship, I note that in a removal case, if any one of the defendants is a citizen of the state where the action sought to be removed is filed a defendant may not remove to federal court on the basis of diversity.  *See* 28 U.S.C. § 1441(b); *Hurt v. Dow Chemical Co.*, 963 F.2d 1142, 1145 (8th Cir. 1991).  Here, Defendants are both residents of Colorado.  Moreover, while Defendants state in the Notice of Removal that the amount in controversy in this case exceeds $75,000, they do not explain why the amount in controversy is satisfied.  "The burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts

supporting [the] assertion that the amount in controversy exceeds [$75,000]." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)).

Therefore, for the reasons set forth herein, it is hereby

ORDERED that the Clerk of Court is directed to **REMAND** this action to the Arapahoe County District Court, State of Colorado, from which the case was removed.

Dated:  January 12, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge